

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

EDWIN DIAZ
c/o Madison Correctional Inst.
P.O. Box 740
London, Ohio 43140

        Plaintiff,

  vs.

CITY OF CLEVELAND
c/o Cleveland City Hall
601 Lakeside Avenue
Cleveland, Ohio 44114

     and

CITY OF CLEVELAND POLICE
DEPARTMENT
c/o Edward F. Lohn, Chief of Police
1300 Ontario Avenue
Cleveland, Ohio 44113

     and

BRUCE GARNER
c/o Edward F. Lohn, Chief of Police
1300 Ontario Avenue
Cleveland, Ohio 44113

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.  1:04CV2138

JUDGE:  JUDGE GAUGHAN
Magistrate Judge:

**COMPLAINT**   MAG. JUDGE PERELMAN

**(Jury Demand Endorsed Hereon)**

and                                        )
                                           )
RON JAMES, JR.                             )
c/o Edward F. Lohn, Chief of Police        )
1300 Ontario Avenue                        )
Cleveland, Ohio 44113                      )
                                           )
        and                                )
                                           )
JOHN DOES (1-10)                           )
(Names and addresses presently             )
unknown).                                  )
                                           )
                Defendants.                )

        Now comes Plaintiff, by and through his undersigned counsel, and for his

complaint against the Defendants, avers and states as follows:

### JURISDICTION

        1.      The claims in the within action are brought pursuant to 42 U.S.C.S. §§

1983, 1988, and the laws of the state of Ohio.  This Court has jurisdiction over the

Plaintiff's federal claims for relief pursuant to 28 U.S.C.S. §§ 1331, 1343.  This court has

supplemental jurisdiction over the Plaintiff's pendant claims for relief pursuant to 28

U.S.C.S. § 1367, in that all claims for relief arise from a common nucleus of facts and that

judicial economy is best served by having all claims resolved in a single action.

### VENUE

        2.      This Court has venue over the within action pursuant to 28 U.S.C.S. §

1391.  All defendants reside and/or do business within this judicial district and all

claims for relief arose within this judicial district.

2

## PARTIES

3.      Plaintiff, Edwin Diaz (hereinafter "Plaintiff"), at the time of the facts alleged herein, was a United States citizen and a resident of the City of Cleveland, State of Ohio.

4.      At all times relevant herein, Defendant City of Cleveland (hereinafter, "City" or "Cleveland") was a political subdivision of the State of Ohio, as defined in Ohio Revised Code § 2744.01 and is thereby liable to the Plaintiff in a civil action for the damages that he suffered at the hands of the City's employees.

5.      At all times relevant herein, Defendant City of Cleveland Police Department (hereinafter, the "Police Department") was the acting law enforcement agency of the City and is a real party-in-interest that is potentially liable for the claims against defendants Bruce Garner, Ron James, Jr. and John Doe(s).

6.      Defendants, Bruce Garner, Ron James, Jr. and John Doe(s), at all times relevant to this action were employed by the City as police officers and/or detectives, and at all times relevant to this action acted under color of state law, within the scope of their employment in furtherance of their employer's duties and affairs, and served under the command of the police department's chief of police and defendant(s) John Doe(s) supervising officers.  The defendants are sued in both their individual and official capacities.

## FACTS

7.      On October 23, 2003, plaintiff came into contact with defendants, Bruce

3

Garner, Ron James, Jr. and/or John Doe(s), during the course of an attempted "sting" operation and investigation directed against plaintiff.

8.     At all times relevant herein, defendants, Bruce Garner, Ron James, Jr., and/or John Doe(s), were operating in unmarked police cars, were not in uniform, and had no warrant for plaintiff's arrest.

9.     During the course of said operation, defendants, Bruce Garner, Ron James, Jr., and/or John Doe(s), attempted the warrantless arrest of Plaintiff, and with their weapons drawn, instructed plaintiff to raise his hands in the air.  Plaintiff complied with said instruction.

10.     At said arrest, defendant Bruce Garner who was approximately six feet away from plaintiff, pointed his weapon at plaintiff over the roof of a parked vehicle.

11.     Defendant Bruce Garner then proceeded to assault the plaintiff by firing his weapon at the plaintiff, striking plaintiff in the abdomen.

12.     Defendants, Bruce Garner, Ron James, Jr. and/or John Doe(s) then continued to forcibly assault Plaintiff in a purported attempt to subdue him.

## COUNT ONE

13.     The allegations set forth in Paragraphs one through twelve are incorporated as if fully rewritten herein.

14.     By the virtue of the actions described more fully herein, the defendants named in paragraph seven did negligently, intentionally, recklessly and/or unlawfully assaulted and battered the Plaintiff, all the while acting under color of their authority while acting in their official capacities.

4

15.    As a direct and proximate result of the conduct of defendants Bruce Garner, Ron James, Jr. and/or John Doe(s), Plaintiff suffered damages, including pain and suffering, humiliation, emotional and mental anguish and will, with a reasonable degree of certainty, continue to suffer in the future, all to his loss and expense.

16.    As a further direct and proximate result of the conduct of defendants Garner, Ron James, Jr. and/or John Doe(s), Plaintiff was required to obtain medical care for his injuries, and to expend sums of money therefore, and he will, with reasonable certainty, continue to require further medical care and treatment and pay additional sums of money therefore in the indefinite future.

## COUNT TWO

17.    The allegations set forth in Paragraphs one through sixteen are incorporated as if fully rewritten herein.

18.    Defendant Bruce Garner was acting under color of state law when he committed an assault and battery against Plaintiff.

19.    Defendant Bruce Garner's assault and battery against the Plaintiff was in violation of Plaintiff's clearly established Fourth Amendment right to be free from excessive force, and in violation of the Plaintiff's civil rights under 42 U.S.C.S. § 1983 and O.R.C. § 2921.45.

20.    The intentional assault and battery committed by defendant Bruce Garner violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution, the laws of the United States, and the laws of Ohio.

## COUNT THREE

21.     The allegations set forth in Paragraphs one through twenty are incorporated as if fully rewritten herein.

22.     Defendants Bruce Garner, Ron James, Jr. and/or John Doe(s) failed to perform their duties as law enforcement officers when after committing an assault and battery on Plaintiff, said defendants continued to assault the Plaintiff in an alleged attempt to subdue him.

23.     Defendants Bruce Garner, Ron James, Jr. and/or John Doe(s) were acting under color of state law when they continued to negligently, intentionally, recklessly and unlawfully assault the Plaintiff in an alleged attempt to subdue him.

24.     Defendants Bruce Garner, Ron James, Jr. and/or John Doe(s) committed said actions while acting in violation of Plaintiff's clearly established Fourth Amendment rights to be free from excessive force, violated and interfered with the Plaintiff's civil rights under 42 U.S.C.S. § 1983 and O.R.C. § 2921.45.

## COUNT FOUR

25.     The allegations set forth in Paragraphs one through twenty-four are incorporated as if fully rewritten herein.

26.     That actions of each and every named defendant herein, individually and collectively, were intended to result in the serious infliction of emotional distress upon Plaintiff and/or the defendants should have known that their actions or lack thereof would result in the serious infliction of emotional distress upon Plaintiff.

6

27. That each and every defendants' conduct was so extreme, utterly intolerable and/or outrageous as to go beyond all possible bounds of decency.

28. That as a direct and proximate result of each and every defendants' conduct, plaintiff has suffered and will continue to suffer serious mental, emotional and/or psychological damages including, but not limited to, embarrassment, frustration, apprehension, and/or apprehension of possible physical harm.

29. That said mental, emotional and/or psychological injuries to plaintiff were incurred as a direct and proximate result of each and every defendants' conduct, both individually and collectively, are serious and are of such a nature that no reasonable person could b expected to endure it.

## COUNT FIVE

30. The allegations set forth in Paragraphs one through twenty-nine are incorporated as if fully rewritten herein.

31. That each and every defendant herein, both individually and collectively, recklessly acted in such an extreme and outrageous manner that said defendants should have known that the herein described actions taken would result in serious infliction of emotional distress upon the Plaintiff.

32. That said defendants reckless conduct was so extreme, utterly intolerable, and/or outrageous as to go beyond all possible bounds of decency.

33. That as a direct and proximate result of each and every defendants' conduct, plaintiff has suffered and will continue to suffer serious mental, emotional

7

and/or psychological damages including, but not limited to, embarrassment, frustration, apprehension, and/or apprehension of possible physical harm.

34. That said mental, emotional and/or psychological injuries to plaintiff were incurred as a direct and proximate result of each and every defendants' conduct, both individually and collectively, are serious and are of such a nature that no reasonable person could b expected to endure it.

## COUNT SIX

35. The allegations set forth in Paragraphs one through thirty-four are incorporated as if fully rewritten herein.

36. At all times stated herein, defendants, City of Cleveland, City of Cleveland Police Department, Ron James, Jr. and/or John Doe(s) 1-10, negligently and/or recklessly failed and/or neglected to adequately train, supervise, screen, test, investigate and discipline police personnel in proper procedure regarding the apprehension and/or detention of suspects.

37. At all times stated herein, said defendants negligently and/or recklessly failed and/or neglected to develop or institute adequate policies and procedures governing the lawful apprehension and/or detention of suspects.

38. At all times stated herein, said defendants acted under color of sate law.

39. The treatment accorded plaintiff was unwarranted, cruel, inhuman, unjustifiable and excessive.

40. As a direct and proximate result of the above-mentioned negligent and/or reckless actions and/or inactions of said defendants committed under color of their

authority while acting in their official capacities, Plaintiff has suffered and/or will continue to suffer damages as set forth herein and experienced violations of his civil rights under 42 U.S.C.S. § 1983 and O.R.C. § 2921.45.

WHEREFORE, Plaintiff, Edwin Diaz, demands judgment against the Defendants, City of Cleveland, and City of Cleveland Police Department, Bruce Garner, Ronald James, Jr. and John Doe(s) 1-10, jointly and severally, for compensatory damages in the amount of $1,000,000.00. Plaintiff, Edwin Diaz, further demands judgment against the Defendants, City of Cleveland, and City of Cleveland Police Department, Bruce Garner, Ronald James, Jr. and John Doe(s) 1-10, for punitive damages where applicable in the amount of $5,000,000.00, plus an award of reasonable costs and attorney's fees pursuant to 42 U.S.C. § 1988, interest, and any other relief which the court deems just and proper.

Respectfully Submitted,

Richard D. McClure (0030798)
Matthew H. Hallett (0069627)
Smith and Smith Attorneys
110 Moore Road
Avon Lake, Ohio 44012
(440) 933-3231
mh_hallett@hotmail.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all claims for relief so triable.

Respectfully Submitted,

Richard D. McClure (0030798)
Matthew H. Hallett(0069627)
Smith and Smith Attorneys
110 Moore Road
Avon Lake, Ohio 44012
(440) 933-3231
mh_hallett@hotmail.com
*Attorneys for Plaintiff*